# Law Offices of Yale Pollack, P.C.

66 Split Rock Road
Syosset, New York 11791
Phone: (516) 634-6340
Fax: (516) 634-6341
www.yalepollacklaw.com

Yale Pollack, Esq.
ypollack@yalepollacklaw.com

August 30, 2023

**VIA ECF**
Hon. Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New Yokr 11722

    Re: *Cortez v. FM 49 CW Corp., et al.*
       *Case No. 23-CV-4779 (JMA)(JMW)*

Dear Judge Azrack:

  We represent the plaintiff Oscar Cortez ("Plaintiff"), in the above-referenced action. We respectfully submit this joint letter motion on behalf of Plaintiff and with the consent of Defendants (Plaintiff and Defendants, collectively, the "Parties") seeking approval of the Parties' negotiated settlement agreement (attached hereto as Exhibit A) ("the Agreement") pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) as a fair and reasonable resolution of Plaintiff's Fair Labor Standards Act ("FLSA") claims.

  In the complaint filed on June 27, 2023, Plaintiff alleges that he was employed simultaneously as a car wash worker at both J & S Car Wash in West Hempstead, NY and Little Neck Car Wash in Queens, NY. Pursuant to the FLSA and New York Labor Law ("NYLL"), Plaintiff alleges that he worked overtime hours in excess of forty per week at both car washes, and also asserted NYLL claims for alleged spread-of-hours pay and alleged wage notice/statement statutory penalties. In a pre-motion conference request letter dated July 31, 2023, Defendants stated their intention to seek dismissal of the Plaintiff's complaint for failure to state a cause of action and lack of standing with respect to Plaintiff's NYLL statutory penalty claims.

  While Defendants' pre-motion conference request was pending, counsel for the Parties engaged in discussions regarding the Plaintiff's claims. During this time, Defendants voluntarily produced substantial documentation to Plaintiff's counsel, including detailed time and payroll records covering the entire period of Plaintiff's employment at both car washes, copies of the weekly wage statements/check stubs issued to Plaintiff by both car washes, and completed and signed LS-54 wage notice forms issued to Plaintiff by both car washes. More importantly,

Defendants informed Plaintiff's counsel that Plaintiff's overtime claims had recently been investigated by the United States Department of Labor, culminating in a May 2023 settlement shortly before Plaintiff commenced this action. Defendants also provided Plaintiff's counsel with copies of the DOL's overtime calculations and final determination for Plaintiff, as well as copies of the back wage check issued to the Plaintiff for the $3,267.91 in overtime premium pay which the DOL determined Plaintiff was owed.

In light of these circumstances and records, it appeared that Plaintiff had already received all overtime premium pay owed to him in connection with the prior DOL investigation. Additionally, the documentation provided by Defendants seemed to establish that Plaintiff did not possess a valid claim for NYLL spread-of-hours pay or statutory damages for alleged wage notice or wage statement violations. Accordingly, the only remaining claim that Plaintiff could plausibly continue to assert in this action would be for recovery of FLSA/NYLL liquidated damages on the $3,267.91 in previously paid overtime wages.

With these facts and circumstances in mind, and in order to avoid the legal and factual risks of further litigation, the Parties were able to quickly reach a resolution of the Plaintiff's claims in this action for the agreed-upon settlement amount of $4,500.00, inclusive of all damages, counsel fees and costs. Of the total settlement amount, $2,362.00 is payable to Plaintiff's counsel as attorneys' fees and costs (consisting of $1,500.00 in attorneys' fees and $862.00 in costs, as outlined below), while the remaining $2,138.00 is payable directly to Plaintiff. The settlement is the result of arm's-length negotiation between the Parties, in which both sides were represented by counsel with extensive experience in wage-and-hour litigation. The Agreement reflects a fair and reasonable settlement to compensate Plaintiff for his alleged FLSA claims and is not the product of overreaching.

In light of the contested factual and legal disputes, Plaintiff believes that the settlement is reasonable, as Defendants' documentation clearly established that Plaintiff had already received all FLSA overtime wages allegedly owed to him as a consequence of the DOL's recent investigation, and because of the risk that Plaintiff might not prevail on his essentially *de minimis* sole remaining claim for the recovery of FLSA/NYLL liquidated damages thereon.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement*." Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v Scholastic Inc.*, 900 F Supp 2d 332, 335

Hon. Joan M. Azrack
August 30, 2023
Page 3

(SDNY 2012) (*quoting Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses through further litigation and at trial. This settlement is the result of arm's-length negotiation. Plaintiff was represented by counsel throughout this lawsuit and made an informed decision to settle the action, without incurring the costs or encumbrance of trial. There is no possibility of fraud or collusion as the Parties settled only after the production and review of substantial documentation followed by extensive negotiations through their respective counsel.

Given the Parties' respective positions and arguments, the settlement presents a fair recovery for Plaintiff. Pursuant to the Agreement, Plaintiff will receive $2,138.00 after deduction of Plaintiff's counsel fees and costs[1] from the total settlement amount. As previously stated, Plaintiff has already received all overtime wages owed to him in connection with the prior DOL investigation which pre-dated this action. Thus, the Plaintiff's portion of the settlement amount represents over 65% of liquidated damages which Plaintiff could possibly recover at trial under the FLSA and NYLL. Given the good faith factual and legal disputes between the Parties, such a recovery is well within the range of reasonableness warranting approval of the Agreement.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The Agreement also complies with the requirements set forth in <u>Cheeks</u> and prevailing Second Circuit case law that has developed since. Specifically, the Agreement includes only a limited release of Plaintiff's wage and hour claims, rather than a broad general release, and does not contain any confidentiality covenants.

In light of the contested factual and legal disputes, Plaintiff believes that the settlement is reasonable and should be approved.

## **PLAINTIFF'S ATTORNEYS' FEES ARE FAIR AND REASONABLE**

Pursuant to the Agreement, Plaintiff's counsel will receive $2,362 in attorneys' fees and costs, which represents one third (33%) of the total recovery in this settlement, plus costs. This amount is fair and reasonable and well within the range of fees typically awarded to attorneys in cases in this Circuit. "Courts in this district typically approve fee requests of one-third of the total

---

[1] Plaintiff's counsel incurred a $402 filing fee and $460 for service of process on Defendants.

settlement amount." *Williams v Arqenta Inc.*, 2018 US Dist. LEXIS 212914, at *6 (SDNY Aug. 10, 2018) (*citing Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 U.S. Dist. LEXIS 37007, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases)); *see also Himrod v Cygnus Med., LLC*, 2020 US Dist. LEXIS 502, at *7 (SDNY Jan. 2, 2020) (*citing Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)); *see also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted); *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"); *Alvarez v Sterling Portfolio Inv. L.P.*, 2017 US Dist. LEXIS 206043, at *16 (E.D.N.Y. Dec. 13, 2017) (one-third attorney fee is typical with no requirement for a lodestar cross check).

The amount sought by Plaintiff's counsel under this settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (*quoting Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

For the purposes of this settlement, Defendants take no position with respect to Plaintiff's counsel's request for attorneys' fees. In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, and given Plaintiff's counsel's significant experience representing clients in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result following the Parties' cooperative exchange of information and extensive negotiations. Accordingly, Plaintiff's counsel submits that the attorneys' fees component of the settlement is fair and reasonable.

## **CONCLUSION**

In full consideration of the issues presented in both Cheeks and Wolinsky, we believe that the Parties' Agreement is fair and reasonable and that the settlement should be approved and the case dismissed with prejudice, with the Court retaining jurisdiction over the settlement for purposes of enforcement of the Agreement.

Hon. Joan M. Azrack
August 30, 2023
Page 5

      We thank the Court for its time and attention to this matter.

                Respectfully submitted,
                Law Offices of Yale Pollack, P.C.

                _____
                Yale Pollack, Esq.

Enclosure